UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JACK RUCKER,

Plaintiff,

-vs-

STRYKER EMPLOYMENT COMPANY, LLC,

Defendant.

Case No. 26-cv-

Hon.

Ryan O. R. Kobernick (P84530)
Jennifer L. McManus(P65976)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
rkobernick@faganlawpc.com
jmcmanus@faganlawpc.com

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW COMES Plaintiff, JACK RUCKER, by and through his attorneys, FAGAN MCMANUS, P.C., and for his cause of action against the Defendant, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff, JACK RUCKER (hereinafter “Plaintiff” or “Mr. Rucker”) is an individual residing in the City of Battle Creek, County of Calhoun, State of Michigan.

2. Defendant, STRYKER EMPLOYMENT COMPANY, LLC (hereinafter “Defendant” or “Stryker”) is a limited liability company that at all times pertinent hereto did conduct business in the City of Portage, County of Kalamazoo, State of Michigan.

3. At all relevant times hereto, Plaintiff was employed by Stryker in the City of

Portage, County of Kalamazoo, State of Michigan.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental).

5. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs, attorney fees, and punitive damages.

## GENERAL ALLEGATIONS

6. Mr. Rucker began his employment with Stryker in June 2023 in the position of Production Team Leader, 2nd Shift, in the Fabrication department.

7. In his position, Mr. Rucker was responsible for leading and overseeing a team of employees engaged in the production of medical devices, including the day-to-day supervision of his team.

8. Mr. Rucker reported to his Manufacturing Manager, Zachary Vande Logt ("Vande Logt").

9. For the 2023 review period, Mr. Rucker received an overall performance rating of "Valued Performance" from Vande Logt.

10. Mr. Rucker suffers from chronic medical conditions, including diabetes, gastroparesis, and chronic low back pain.

11. Notwithstanding his medical conditions, Mr. Rucker was qualified for and able to perform the essential functions of his position, with or without reasonable accommodations.

12. In April 2024, Mr. Rucker took a medical leave due to his medical conditions, which was approved by Stryker as an accommodation before Plaintiff became eligible for leave under the Family and Medical Leave Act ("FMLA").

13. On or about January 29, 2025, Mr. Rucker was sent home from work due to profuse sweating, a symptom of his diabetes, and he requested continuous leave under the FMLA until February 3, 2025.

14. Stryker subsequently approved Mr. Rucker's request for intermittent FMLA leave of four episodes per month, one day per episode, from January to July 2025.

15. Due to persistent symptoms of his disabilities, Stryker approved Mr. Rucker's request for a continuous FMLA leave from March 3, 2025, through March 15, 2025.

16. Mr. Rucker was also approved to work from home during flare-ups of his medical conditions, and he completed his required work regardless of whether he worked from home.

17. Despite Mr. Rucker's approved FMLA leave and accommodations, Vande Logt began treating Mr. Rucker's lack of on-site attendance as a performance problem, even though he knew Mr. Rucker was approved for intermittent and continuous FMLA leave.

18. On June 2, 2025, Mr. Rucker requested to have a one on one meeting with Vande Logt, where the subject of the meeting was "Medical (FMLA)," to take place on June 5, 2025.

19. During the June 5, 2025 meeting, Mr. Rucker informed Vande Logt about his ongoing issues with his disabilities, and diabetes flare ups.

20. Throughout 2025, Mr. Rucker continually informed Vande Logt of time periods where he needed to work from home while he waited for a new diabetes pump, where his blood sugar levels were through the roof, where he was dehydrated, and where

he needed time off pursuant to the FMLA leave he was entitled to.

21. Stryker subsequently approved Mr. Rucker's request for a recertification of his intermittent FMLA leave, for eight episodes per month, one day per episode, from July 2025, through December 2025.

22. On July 24, 2025, Mr. Rucker and Vande Logt had an in-person meeting in Vande Logt's office, during which Vande Logt questioned Mr. Rucker about whether he was "the right person" for his position "due to [his] health issues."

23. Immediately after the meeting, Mr. Rucker followed up with an email to Vande Logt and Stryker's Human Resources Business Partner, Eretia Warner ("Warner"), reporting Vande Logt's discriminatory comment in writing.

24. Warner failed to conduct any investigation or follow up into Vande Logt's discriminatory comment that Mr. Rucker reported to her.

25. On August 7, 2025, Plaintiff spoke with Employee Relations Associate Manager, Jill Krumpos ("Krumpos"), and filed an ethics report against Vande Logt based on the discriminatory comment by Vande Logt.

26. On August 14, 2025, Krumpos informed Mr. Rucker that the matter had been investigated, but nothing further was shared with Mr. Rucker.

27. After Mr. Rucker filed his ethics report, Vande Logt cancelled all of the one-on-one meetings that Mr. Rucker had scheduled with him.

28. Mr. Rucker used approved FMLA leave on September 18, 19, and 22, 2025.

29. On the morning of September 30, 2025, while Mr. Rucker was on his way to work, his employment was suddenly terminated by phone call by Warner and Vande Logt, the same individuals who knew about Mr. Rucker's complaint concerning Vande

Logt.

30. Stryker claimed that Mr. Rucker's employment was terminated for alleged issues concerning the handling of an employee gift card incentive program, and for allegedly leaving work early without permission.

31. Stryker's stated reasons for Plaintiff's termination were false and a pretext for discrimination and retaliation.

32. Mr. Rucker's personnel file is devoid of any documentation supporting the alleged reasons for his termination, and Mr. Rucker never received any write-ups or warnings regarding these alleged issues prior to taking FMLA leave and reporting Vande Logt's discrimination.

33. Upon information and belief, Stryker replaced Mr. Rucker shortly after his termination with an employee who does not have a medical condition, disability, or approved FMLA leave.

34. Upon information and belief, Vande Logt has since been terminated from Stryker.

35. On February 26, 2026, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Stryker, alleging disability discrimination, failure to accommodate, and retaliation, in violation of the Americans with Disabilities Act of 1990, as amended, designated as Charge No. 471-2026-03376.

36. On July 22, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights to Sue Letter, and Mr. Rucker has timely filed this Complaint and Jury Demand within 90 days of his receipt of the Notice.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

37. Plaintiff incorporates paragraphs 1 through 36 above as if specifically repeated herein.

38. At all times relevant hereto, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

39. At all times relevant hereto, Plaintiff had a disability, had a record of a disability, and/or was regarded by Defendant as having a disability under the ADA.

40. Plaintiff was a qualified individual who could perform the essential functions of his position, with or without reasonable accommodations.

41. Defendant had a duty under the ADA not to discharge or otherwise discriminate against Plaintiff in his employment on the basis of his disability, record of disability, and/or perceived disability.

42. Defendant violated Plaintiff's rights under the ADA, and Plaintiff's disability, record of disability, and/or perceived disability was a motive or reason that made a difference in Defendant's conduct, including, but not limited to, the following:

a. Treating Plaintiff's approved leave and work-from-home accommodations as a performance and attendance problem;

b. Questioning whether Plaintiff was the right person for his position due to his disability;

c. Terminating Plaintiff's employment;

d. Replacing Plaintiff with an employee who does not have a disability;

e. Other acts of disability discrimination to be determined through discovery.

43. Defendant further retaliated against Plaintiff in violation of the ADA because Plaintiff opposed and reported conduct that he reasonably believed to be unlawful disability discrimination, including, but not limited to:

a. Cancelling Plaintiff's scheduled one-on-one meetings after he reported Vande Logt's discriminatory comment and filed an ethics report;

b. Terminating Plaintiff's employment;

c. Other acts of retaliation to be determined through discovery.

44. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has suffered and will in the future suffer damages including, but not limited to:

a. Loss of wages and other compensation, both in the past and in the future;

b. Loss of the value of benefits, both in the past and in the future;

c. Loss of earning capacity;

d. Loss of promotional opportunities;

e. Extreme embarrassment, humiliation, emotional distress, mental anguish, disappointment, outrage and indignity;

f. Attorney fees;

g. Other injuries and damages that become known throughout the discovery process.

45. The above-referenced discriminatory and retaliatory conduct by Defendant toward Plaintiff was malicious and/or engaged in with reckless indifference to Plaintiff's

federally protected civil rights and, as a result, Plaintiff is entitled to punitive damages.

46. Plaintiff also seeks equitable relief that the Court deems appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, and attorney fees. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

## COUNT II
## VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

47. Plaintiff incorporates paragraphs 1 through 46 above as if specifically repeated herein.

48. At all times relevant hereto, Plaintiff was an "employee" and Defendant was an "employer" under the Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), Mich. Comp. L. § 37.1101 et seq.

49. At all times relevant hereto, Plaintiff had a disability, was regarded by Defendant as having a disability, and/or had a history of having a disability under the PWDCRA.

50. Defendant had a duty under the PWDCRA not to discharge or otherwise discriminate against Plaintiff in his employment on the basis of his disability, perceived disability, and/or history of disability.

51. Plaintiff's disability did not affect his ability to perform the essential functions of his job, with or without reasonable accommodations.

52. Defendant violated Plaintiff's rights under the PWDCRA, and Plaintiff's disability, perceived disability, and/or history of disability was a motive or reason that

made a difference in Defendant's conduct, including, but not limited to, the following:

a. Treating Plaintiff's approved leave and work-from-home accommodations as a performance and attendance problem;

b. Questioning whether Plaintiff was the right person for his position due to his disability;

c. Terminating Plaintiff's employment;

d. Replacing Plaintiff with an employee who does not have a disability;

e. Other acts of disability discrimination to be determined through discovery.

53. Defendant further retaliated against Plaintiff in violation of the PWDCRA because Plaintiff opposed and reported conduct that he reasonably believed to be unlawful disability discrimination, including, but not limited to:

a. Cancelling Plaintiff's scheduled one-on-one meetings after he reported Vande Logt's discriminatory comment and filed an ethics report;

b. Terminating Plaintiff's employment;

c. Other acts of retaliation to be determined through discovery.

54. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct toward Plaintiff, Plaintiff has suffered and will in the future suffer damages including, but not limited to:

a. Loss of wages and other compensation, both in the past and in the future;

b. Loss of the value of benefits, both in the past and in the future;

c. Loss of earning capacity;

d. Loss of promotional opportunities;

e. Extreme embarrassment, humiliation, emotional distress, mental anguish, disappointment, outrage and indignity;

f. Exemplary damages;

g. Attorney fees;

h. Other injuries and damages that become known throughout the discovery process.

55. Plaintiff also seeks equitable relief that the Court deems appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, and attorney fees. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

**COUNT III**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

56. Plaintiff incorporates paragraphs 1 through 55 above as if specifically repeated herein.

57. At all times pertinent hereto, Plaintiff was an eligible employee within the meaning of the FMLA, as:

a. Plaintiff was employed by Defendant for a time period greater than 12 months;

b. During the aforementioned 12 months, Plaintiff worked greater than 1,250 hours.

58. Defendant is an employer within the meaning of the FMLA, as it employs

greater than 50 employees within a 75-mile radius of Plaintiff's worksite.

59. Pursuant to the FMLA, Plaintiff was entitled to take up to 12 weeks of FMLA leave as a result of his serious health condition.

60. Plaintiff took approved intermittent and continuous FMLA leaves as a result of his serious health condition.

61. Plaintiff's approved FMLA leave was treated as a performance and attendance problem by his Manager, and Plaintiff was terminated on September 30, 2025, following his use of FMLA leave.

62. Defendant violated the FMLA in the following particulars, including, but not limited to:

a. Interfering with Plaintiff's right to take FMLA leave;

b. Retaliating against Plaintiff for taking FMLA leave;

c. Terminating Plaintiff's employment;

d. Other violations which are yet to be discovered.

63. Defendant willfully violated the FMLA in that it knew that such conduct was prohibited under the statute or acted in reckless disregard of whether such conduct was prohibited.

64. As a direct and proximate result of Defendant's FMLA violations, Plaintiff has suffered, and in the future will suffer damages including, but not limited to, lost wages, employment benefits, and other compensation, past and future.

65. Pursuant to the FMLA, Plaintiff is entitled to:

a. All wages, salary, employment benefits, or other compensation denied or lost by reason of the violation of the FMLA;

b. Interest;

c. Liquidated damages;

d. Attorney fees;

e. Appropriate equitable relief;

f. Other damages/remedies available under the law.

66. Plaintiff also seeks equitable relief that the Court deems appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, and attorney fees. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

FAGAN MCMANUS, P.C.

By: */s/ Ryan O. R. Kobernick*
Ryan O. R. Kobernick (P84530)
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
rkobernick@faganlawpc.com

Dated: October 8, 2026

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

NOW COMES the above-named Plaintiff, by and through his attorneys, FAGAN MCMANUS, P.C., and hereby demands trial by jury on the above matter.

FAGAN MCMANUS, P.C.

By: */s/ Ryan O. R. Kobernick*
Ryan O. R. Kobernick (P84530)
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
rkobernick@faganlawpc.com

Dated: October 8, 2026